## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SUDDEN VALLEY SUPPLY LLC,<br>a Missouri corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>NEIL P. ZIEGMANN,<br>an individual,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.<br><br>**JURY TRIAL**<br>**DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its complaint against Defendant Neil P. Ziegmann ("Ziegmann"), Plaintiff Sudden Valley Supply LLC ("Sudden Valley") states and alleges as follows:

### Nature of the Case

1.      Sudden Valley seeks a declaratory judgment that U.S. Patent No. 8,230,642 ("the '642 Patent") is invalid and is not infringed by Sudden Valley's manufacture and sale of certain animal traps.  The relief is necessary because Defendant Neil P. Ziegmann ("Defendant" or "Ziegmann") is asserting that Sudden Valley has infringed, and continues to infringe, the '642 Patent by making and selling certain animal traps.  These accusations have placed a cloud on Sudden Valley's business and created a justiciable controversy between Plaintiff and Defendant.

### Parties, Jurisdiction and Venue

2.      Sudden Valley is a Missouri corporation, with its principal place of business located at 17762 Sudden Valley Lane, Warrenton, Missouri.  Sudden Valley is entirely owned and operated by Carlis Stephens ("Stephens").

1

3.     On information and belief, Defendant is a citizen of Iowa and resides at 270 E. Shore Drive, Lake View, Iowa.

4.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 1331 and 1338(a) because this action arises under the patent laws and seeks relief under the Federal Declaratory Judgment Act.

5.     Personal jurisdiction exists over Defendant because he has engaged in systemic business contacts with the state of Missouri in connection with his sale and promotion of animal traps allegedly covered by the patent-at-issue in this litigation, including without limitation, by appearing in this state and offering such products for sale at various venues and by offering such products for sale to Missouri residents through his Internet website.   In addition, Defendant purposefully directed a cease and desist letter to Plaintiff in this district, which included the accusation of infringement that is the subject of this litigation.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in the State of Missouri and the Defendant is otherwise subject to this Court's personal jurisdiction with respect to this action.

### Allegations Common to All Counts

#### A.     SUDDEN VALLEY'S ANIMAL TRAPS WITH "PUSH-PULL" TRIGGERS

7.     On or about 2006, Stephens began work on improving existing "dog-proof" animal traps having a single-action trigger.  Such traps generally used an elongated housing with a diameter large enough for an animal, such as a raccoon, to reach into an open end of the housing and grab bait positioned below a trigger near the bottom and closed end of the housing. When the bait is pulled upwards toward the housing's opening, it pulls the trigger and releases a

spring and associated restraint that restrains the animal's arm in the housing. Such traps thus had a "pull-only trigger" because pushing down on the trigger did not release the spring and associated restraint.

8.      In or about late 2006 and early 2007, Stephens began modifying dog-proof traps having pull-only triggers in order to increase the effectiveness of the traps and prevent "bait theft" by animals. These modifications included creating an extended latch having a notch on the outside of the housing and a "hook" on a portion of the trigger to engage the latch in order to create a "push-pull" trigger. Specifically, through this improvement, the spring and associated restraint were activated when an animal pulled *or pushed* on the trigger.

9.      As a result of these efforts, Sudden Valley was, by at least as early as 2007, creating, selling, and demonstrating dog-proof, animal traps having "push-pull triggers."

10.     Sudden Valley presently manufactures and sells dog-proof animal traps based on Stephen's creation of, and subsequent improvements to, dog-proof animal traps with push-pull triggers.

## THE '642 PATENT

11.     The '642 Patent, titled "Raccoon Trap," issued to Mr. Ziegmann on July 31, 2012 and he is identified as the sole inventor. The '642 is based on a provisional application filed on or about May 4, 2009.

12.     No assignment of the '642 Patent has been recorded with the United States Patent and Trademark Office, and Defendant's counsel has represented that Mr. Ziegmann is the sole owner of the '642 Patent.

13.     The claimed subject matter of the '642 Patent pertains to a push-pull trigger mechanism for a raccoon trap featuring a notch on an extended latch and a "hook" on the portion

of the trigger that engages the latch.

14.     On or about August 10, 2012 – approximately ten days after issuance of the '642 Patent – counsel for Defendant sent Plaintiff a cease and desist letter accusing Sudden Valley of infringing the '642 Patent by manufacturing and selling a product covered by at least one claim of the patent. (*See* Exhibit A hereto.)  That letter further threatened a lawsuit in order to "force [Sudden Valley] to stop" its allegedly infringing conduct.  (*See id.*)

15.     There is an actual controversy between Sudden Valley and Defendant regarding whether the '642 Patent is valid and whether this patent has been infringed.

## COUNT I
### (Declaratory Judgment of Patent Invalidity – 35 U.S.C. §§ 101 et seq.)

16.     Plaintiff realleges and incorporates paragraphs 1 to 15 as if fully set forth herein.

17.     The '642 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, §§ 102 and 103.

18.     The '642 Patent is invalid because, among other things, there is prior art not reviewed by or brought to the attention of the U.S. Patent and Trademark Office in issuing the patent that, at a minimum, anticipates all independent claims of the '642 Patent.  Such prior art includes, at a minimum, animal traps having push-pull triggers made, sold and/or demonstrated by Plaintiff.

19.     Plaintiff seeks and is entitled to a declaratory judgment that all claims in the '642 Patent are invalid.

## COUNT II
### (Declaratory Judgment of Non-Infringement)

20.     Plaintiff realleges and incorporates paragraphs 1 to 19 as if fully set forth herein.

21.     Defendant has asserted that Sudden Valley is infringing the '642 Patent by manufacturing and selling animal traps covered by at least one claim of the '642 Patent.  Such

animal traps do not infringe any valid claim of the '642 Patent.

22.     Plaintiff seeks and is entitled to a declaratory judgment that Plaintiff, and all persons who have purchased and/or used Plaintiff's animal traps with push-pull triggers, do not infringe any valid claim of the '642 Patent.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant as follows:

A.     For judgment that the '642 Patent, and each of the claims therein, are invalid;

B.     For judgment that Sudden Valley does not infringe any valid claim of the '642 Patent;

C.     For a preliminary and permanent injunction precluding Defendant from suing for infringement or otherwise asserting infringement of the '642 Patent against Sudden Valley or any person who has purchased or used any of Sudden Valley's animal traps with push-pull triggers;

E.     For costs and reasonable attorneys' fees incurred in connection with this action; and

F.     For such other and further relief as the Court deems just.

January 10, 2013

Respectfully submitted,

**Thompson Coburn LLP**


By:  /s/ Matthew A. Braunel
    Matthew A. Braunel, #50711MO
    One US Bank Plaza
    St. Louis, MO  63101
    (314) 552-6000
    (314) 552-7000 (fax)

*Attorneys for Plaintiff*
*Sudden Valley Supply LLC*


  /s/ Todd J. Ohlms

    Todd J. Ohlms
    David Ter Molen
    FREEBORN & PETERS  LLP
    311 S. Wacker Drive, Suite 3000
    Chicago, Illinois  60606-6677
    (312) 360-6000
    tohlms@freebornpeters.com

    Pro hac vice applications forthcoming


2780852v2

6