UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUDDEN VALLEY SUPPLY LLC, ) | |
| ) | |
| Plaintiff, ) | No. 4:13-CV-53 RLW |
| ) | |
| v. ) | |
| ) | |
| NEIL P. ZIEGMANN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| NEIL. P. ZIEGMANN and N.P.Z., INC., ) | |
| ) | |
| Counterclaim-Plaintiffs, ) | |
| v. ) | |
| ) | |
| SUDDEN VALLEY SUPPLY LLC, ) | |
| ) | |
| Counterclaim-Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant/Counterclaim-Plaintiffs Neil P. Ziegmann and N.P.Z., Inc.'s Renewed Motion for an Order Establishing the Order of Proof at Trial (ECF No. 124). This matter is fully briefed and ready for disposition.

## BACKGROUND

A full background of this case can be found at the Court's Memorandum and Order, dated March 9, 2015 (ECF No. 116). This case is set for trial on July 27, 2015.

## STANDARD OF REVIEW

A district court has wide discretion to set the order of proof at trial. *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) (citing *Skogen v. Dow Chemical Co.*, 375

F.2d 692, 704, 706 (8th Cir. 1967)); *W. Reserve Life Assur. Co. of Ohio v. Bratton*, No. C-04-81-LRR, 2006 WL 1418804, at *2 (N.D. Iowa May 18, 2006). "Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." *Anheuser-Busch, Inc.*, 89 F.3d at 1344 (citing *Martin v. Chesebrough–Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980)).

## DISCUSSION

Neil P. Ziegmann ("Ziegmann") and N.P.Z., Inc. ("NPZ"), as the owner and exclusive licensee of the patent at issue in this action, argue that they should present their case first on the issues of infringement and damages. (ECF No. 124, ¶1). They maintain that Plaintiff/Counterclaim-Defendant Sudden Valley Supply, LLC ("SVS"), the alleged infringer, should present its defenses second on the issues of non-infringement and invalidity, which would be followed by Ziegmann and NPZ's rebuttal on all issues. (ECF No. 124, ¶¶2-3).

There are two main claims in this case. First, Ziegmann and NPZ have the burden of proving that SVS infringed their patent. (ECF No. 126 at 1). As noted by SVS, this "issue concerns primarily the issue of whether 'tubular' is a specific limitation of Ziegmann's claims and whether Ziegmann can establish infringement under the doctrine of equivalents." (ECF No. 125 at 5). Second, there is the invalidity claim. SVS alleges that even if it is infringing the patent, Ziegmann and NPZ have no claim because the patent is invalid under the doctrines of anticipation and obviousness. SVS has the burden of proof in establishing that the patent is invalid as anticipated or on obviousness grounds. (ECF No. 126 at 1; ECF No. 125 at 4).

SVS argues that significant issues of fact exist on the invalidity defense of obviousness based upon the existence of prior art. (ECF No. 125 at 6). SVS contends that the "most fact intensive issues involving the credibility of the most witnesses are the invalidity defenses of

anticipation and/or obviousness on which SVS has the burden of proof." (ECF No. 125 at 7). SVS argues that the burden of proving infringement by the doctrine of equivalents and whether "tubular" is a specific limitation on Ziegmann and NPZ's claims is not as fact intensive and, therefore, SVS should proceed first and last. (ECF No. 125 at 7).

The Court finds that Ziegmann and NPZ's infringement claim is at the essence of this lawsuit. The Court agrees that the primacy of the infringement claim is not changed because SVS brought this case seeking a declaratory judgment. The Court agrees with the sound reasoning of the Honorable Howard T. Markey, former Chief Judge, United States Court of Appeals for the Federal Circuit, as outlined in his article "On Simplifying Patent Trials":

> In actuality, every patentee's suit for infringement that involves an invalidity defense is composed of two separate trials. The first is on infringement. In that trial, the patentee alone has the burden and should go first and last. The second trial is on the invalidity defense. In that trial, the defendant alone has the burden and should go first and last. When the judge does not issue a Rule 42(b) order, therefore, infringement should still be tried first and the invalidity defense should be tried (if necessary) second.

Howard T. Markey, *On Simplifying Patent Trials*, 116 F.R.D. 369, 378 (1987). The Court believes it makes the most sense to present the issue of infringement prior to turning to invalidity. However, each party who has the burden of proof will go first on that particular claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant/Counterclaim-Plaintiffs Neil P. Ziegmann and N.P.Z., Inc.'s Renewed Motion for an Order Establishing the Order of Proof at Trial (ECF No. 97) is **GRANTED**. The order of proof will proceed as follows:

(1) Ziegmann and NPZ will first present their case on infringement;

(2) SVS will then put on its defense of the infringement claim and will then go first on its claim of invalidity;

(3) Next, Ziegmann and NPZ will put on any rebuttal in support of their infringement claim (if necessary), and will put on their defense of the invalidity claim;

(4) Finally (if necessary), SVS will put on any rebuttal with respect to its invalidity claim.

Dated this 11th day of June, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**