UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUDDEN VALLEY SUPPLY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-53-RLW |
| ) | |
| NEIL P. ZIEGMANN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Verified Motion of Sudden Valley Supply, LLC for Attorneys' Fees Against Neil P. Ziegmann and N.P.Z., Inc. (ECF No. 200),[1] Sudden Valley Supply, LLC's Motion for Judgment as a Matter of Law that Claims 1-19 of the '642 Patent are Invalid (ECF No. 202), N.P.Z., Inc. and Neil P. Ziegmann's Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law (ECF No. 213), and Motion by Ziegmann and NPZ re DX PPP-1 (ECF No. 218).

**I.    Sudden Valley Supply, LLC's Motion for Attorney's Fees**

**A. Standard**

Section 285 of the Patent Act provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The "patently clear" text of § 285 "imposes one and only constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56 (2014). Because the Patent Act does not define

---

[1] Neil P. Ziegmann and N.P.Z. Inc. are referred to collectively as "NPZ".

˘ 1 ˘

"exceptional," it is given its ordinary meaning of "uncommon, rare, or not ordinary." *Id.* (quotations omitted). Thus,

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.* at 1756.

There is "no precise rule or formula" for determining whether a case is exceptional. *Id.* Instead, district courts are to exercise discretion in considering the non-exclusive list of factors: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. In addition to adopting a discretionary, flexible approach for determining whether a case is exceptional under § 285, the Supreme Court rejected the clear and convincing standard of evidence required under *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005). Instead, "a patent litigant may establish entitlement to fees by a preponderance of the evidence." *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 112 F. Supp. 3d 888, 892 (D. Minn. 2015) (citing *Octane Fitness, LLC*, 134 S. Ct. at 1758))

**B. Discussion**

Sudden Valley argues that it should be awarded attorneys' fees because it was the prevailing party in all respects. Sudden Valley asserts that this is an exceptional case because the jury determined that Sudden Valley did not infringe the '642 Patent and that Claims 1-4 are invalid (1) under the doctrine of anticipation and (2) because of obviousness. Sudden Valley states that Mr. Ziegmann had access to the modified Lil' Griz Trap that Carlis Stephens was demonstrating and selling in 2007 and 2008 and copied Mr. Stephens' design. (ECF No. 220 at 2). Sudden Valley

maintains that NPZ used the '642 patent, Claims 1-4 to take over the dog proof animal trap market that Sudden Valley had created through advertisement of its Coon Dagger Trap. Sudden Valley states that Mr. Stephens appeared at trade shows and repeatedly informed Mr. Ziegmann that the '642 Patent was invalid because of prior art. (ECF No. 220 at 2). Sudden Valley asserts that NPZ used the '642 Patent in an attempt to put Sudden Valley out of business. Sudden Valley seeks an award of attorneys' fees, pursuant to 35 U.S.C. §285 in the sum of $181,271.13 against Neil P. Ziegmann and N.P.Z., Inc., jointly and severally.

In response, NPZ argues that it did not initiate this patent litigation to put Sudden Valley out of business. NPZ notes that Mr. Ziegmann owned the '642 patent, which was presumptively valid as a matter of law. NPZ further asserts that its counsel only sent a cease and desist letter to Sudden Valley. Indeed, Sudden Valley actually initiated this litigation, which resulted in NPZ filing a counterclaim for infringement. Finally, NPZ maintains that Sudden Valley has not provided adequate documentation to support its claim for attorneys' fees. There is no documentation regarding invoiced services, the nature, extent, hours, billing rate, or any other basis for determining the reasonableness of these charges.

The Court holds that this is not an exceptional case warranting an attorneys' fees award under §285. As noted previously by this district, Sudden Valley's argument regarding its sales prior to this lawsuit does not make this an exceptional case. *Mary Elle Fashions, Inc. v. Jasco Products Co., LLC*, No. 4:15 CV 855 RWS, 2016 WL 427950, at *2 (E.D. Mo. Feb. 4, 2016) ("Proof of prior sales is a common defense to a claim of patent infringement, and it is not the exceptional case where the defendant is successful in such a defense."). Rather, such decrease in sales is present in almost every patent case where a party seeks to prevent the other from utilizing a patent. Further, although Sudden Valley has alleged "a variety of instances of misconduct throughout the course of discovery and trial, and unreasonableness in the pursuit of certain legal

positions, the Court finds nothing in the record that provides the clear and convincing evidence necessary for a fee award." *Holmberg v. Stealth Cam, LLC*, No. CIV. 11-248 DWF/LIB, 2015 WL 5286750, at *14 (D. Minn. Sept. 10, 2015). The Court notes that the same information relied upon by Sudden Valley was before the patent office when it decided to issue the patent. The Court cannot find that NPZ's defense of its issued patent makes this case "exceptional, uncommon, or rare." *Mary Elle Fashions, Inc.*, 2016 WL 427950, at *2 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56 (2014)).

## II. Sudden Valley Supply, LLC's Motion Judgment as a Matter of Law that Claims 1-19 of the '642 Patent are Invalid

Sudden Valley argues that all 19 claims in the '642 Patent are invalid. (ECF No. 203). Sudden Valley contends that all three independent claims, Claims 1, 5, and 11, provide that one end of the latch engages the restraint. (ECF No. 203 at 2). Sudden Valley contends, however, that the invention described in the '642 Patent was never reduced to practice. (*Id.*) Sudden Valley also claims that the evidence from which the jury determined that Claims 1-4 were invalid because of anticipation and because of obviousness also supports Plaintiff's position that the other two independent claims, Claims 5 and 11, are also invalid because of obviousness. Sudden Valley notes that David Hastings testified that the prior art established that it would be obvious to a person with ordinary skill in the art to design and build a dog-proof animal trap with a two-way trigger, as reflected in Claims 1 through 4, 5 and 11 of the '642 Patent. Sudden Valley states that the Court erred by not instructing the jury on obviousness with respect to Claims 5 and 11 and that the undisputed evidence established that Claims 5 and 11 are invalid for the same reason the jury found Claims 1-4 invalid for obviousness. Further, Sudden Valley maintains that the invalidity of Claims 1, 5, and 11 renders the other, dependent claims invalid. (ECF No. 203 at 2).

In response, NPZ contends that the only claims from the '642 Patent that were presented for

adjudication were Claim 1-4 and that Claims 5-19 were not presented for and were not the subject of adjudication. (ECF No. 215 at 1). On February 26, 2016, NPZ filed a Motion for Leave to Amend Final Infringement Contentions. (ECF No. 164). In that Motion, NPZ asked for leave to amend their Final Infringement Contentions to limit the patent claims asserted to Claims 1-4 of the '642 Patent. On March 4, 2016, Sudden Valley filed a response and indicated that it did not object if NPZ limited their "Patent claims asserted to Claims 1-4 of the '642 Patent by deleting all other claims." (ECF No. 172 at 3, ¶14). This Court granted NPZ's Motion for Leave to Amend Final Infringement Contentions and held that "NPZ shall limit the patent claims asserted to claims 1-4 of U.S. Patent 8,230,642." (ECF No. 174).

The Court holds that Sudden Valley consented to this Court adjudicating only Claims 1-4 of the '642 Patent. If Sudden Valley had intended this Court to make a ruling regarding Claims 5-19, then it should not have agreed to limit the claims in order to simply the trial. Therefore, the Court finds that Claims 5-19 were not before the Court and the Court properly excluded those claims from consideration by the jury. Sudden Valley's motion is denied.

### III. NPZ, Inc. and Neil P. Ziegmann's Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law

A. Standard

A court may render judgment as a matter of law ("JMOL") when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed.R.Civ.P. 50(a). Under Rule 50, JMOL is appropriate if no reasonable juror could have returned a verdict for the nonmoving party. *Weber v. Strippit, Inc.*, 186 F.3d 907, 912 (8th Cir.1999). In analyzing a Rule 50 motion, a court must consider the evidence in the light most favorable to the non-moving party, resolve all factual conflicts in the non-moving party's favor, and give the non-movant the benefit of

all reasonable inferences. *Id.* "[J]udgment as a matter of law is proper when the record contains no proof beyond speculation to support the verdict." *Heating & Air Specialists v. Jones*, 180 F.3d 923, 932-33 (8th Cir. 1999).[2] In ruling on a renewed motion for judgment as a matter of law, a court analyzes "whether the record contains sufficient evidence to support the jury's verdict." *Bass v. Gen.Motors Corp.*, 150 F.3d 842, 845 (8th Cir.1998).

Under Rule 59, a "court may, on motion, grant a new trial on all or some of the issues—and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a). "[D]istrict courts enjoy broad discretion in choosing whether to grant a new trial." *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir.1995). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir.1996). The Eighth Circuit explained that:

> [A] trial court may not grant a new trial simply because the trial court would have found a verdict different from the one the jury found. This is certainly a necessary condition to granting a motion for new trial, but it is not a sufficient one. Rather, the trial court must believe, as we have already said, that the verdict was so contrary to the evidence as to amount to a miscarriage of justice.

*Id.* In addition, a new trial is appropriate where legal errors at trial result in a miscarriage of justice. *Gray v. Bicknell*, 86 F.3d 1472, 1480–81 (8th Cir. 1996). Thus, a new trial is merited when "the verdict is so contrary to the preponderance of the evidence as to imply that the jury failed to consider all the evidence, or acted under some mistake." *In re Levaquin Prods. Liab. Litig.*, 700 F.3d 1161, 1166 (8th Cir. 2012) (internal citations and quotations omitted). Evidentiary errors warrant a new trial only when "the cumulative effect of the errors is to substantially influence the jury's verdict." *Williams v. City of Kan.City, Mo.*, 223 F.3d 749, 755 (8th Cir. 2000).

### B. Discussion

#### 1. Infringement

NPZ argues that Sudden Valley improperly offered argument of non-infringement to the jury without identifying that argument in its final counter-infringement contentions. (ECF No. 213-1 at 3-7). NPZ states that its expert, Neil Ziegmann, and Sudden Valley's expert, Mr. Stephens, both confirmed that the Coon Dagger literally infringed claims 1-4 of the '642 Patent. Nevertheless, NPZ argues that Sudden Valley's counsel, David Duree, tainted the jury by his closing remarks which invoked a new theory of non-infringement. Claim 1 requires a "latch" and a "restraint" and describes the latch as "being 'engageable' with the restraint." Mr. Duree argued to the jury that the latch did not engage the restraint on the Coon Dagger. NPZ argues that Mr. Duree's closing argument regarding infringement contradicted the testimony of Sudden Valley's witnesses and was not previously disclosed as required by the rules of the Court. Section 3 of the Local Patent Rules provides that Sudden Valley was required to serve on NPZ its counter-infringement contentions, "indicating which elements from each asserted patent claim that it admits are present in any [accused product], and which it contends are absent." Local Patent R. 3-3. As to any absent claim element, Sudden Valley was required to "set forth in detail the basis for its contention that the element is absent." *Id.* Local Patent Rule 3-7 addresses final contentions, which Sudden Valley served on April 25, 2014. *See* ECF No. 213-3. NPZ notes that Sudden Valley did not identify the "latch being engageable with the restraint" as an element of the claims missing from the accused Coon Dagger. (ECF No. 213-1 at 5). NPZ asserts that, under the Local Patent Rules, amendment to Sudden Valley's final counter-infringement contentions could "only be made by order of the Court, upon a showing of good cause." Local Patent R. 3-8. NPZ argues that the Court erred in overruling NPZ's objection to Sudden Valley's new non-infringement arguments made during closing. (ECF No. 213-1 at 6-7). NPZ states that Sudden Valley was allowed to introduce a "specious defense of non-infringement into the trial—one the jury relied upon in reaching a verdict of no literal infringement." (ECF No. 213-1

at 7).

NPZ argues that Sudden Valley's improper argument to the jury during closing argument prejudiced NPZ's case and tainted the jury's verdict. (ECF No. 213-1 at 7-10). NPZ emphasizes that the Court had previously admonished Mr. Duree not to mention non-infringement defenses that were not identified in Sudden Valley's final counter-infringement contentions. NPZ contends that Mr. Duree's statements during closing argument ran afoul of Sudden Valley's final counter-infringement contentions. In addition, NPZ states that Mr. Duree's statements in closing argument misrepresented the disclosure in the '642 Patent and the scope of the patent claims for questions of infringement and validity. Mr. Duree stated that "[t]he latch is engageable with the spring, not the restraint[.]" NPZ asserts that Sudden Valley misrepresented meaning of the term "restraint" in the asserted claims and, therefore, the proper scope of the claims. (ECF No. 213-1 at 8). NPZ argues that the restraint includes both the wire frame 18 and the U-shaped arm loop 20. *See* ECF No. 213-1 at 9. Thus, NPZ asserts that the latch engages the horizontal portion of the wire frame, which forms part of the restraint.

In response, Sudden Valley argues that any claims of infringement and non-infringement are moot because the claims of the '642 Patent was determined to be invalid. (ECF No. 223 at 2). *See Leggett & Platt, Inc. v. Vutek, Inc.*, No. 4:05CV788 CDP, 2007 WL 2030134, at *1 (E.D. Mo. July 9, 2007) (citing *Schering Corp. v. Optical Radiation Corp.*, 867 F.2d 616, 2 (Fed. Cir. 1989) ("No one can infringe an invalid patent claim."). Sudden Valley also asserts that its argument on non-infringement was proper because it was based on evidence introduced by Defendants, the '642 Patent and the modified Lil' Griz Trap. (ECF No. 223 at 3-4). Sudden Valley states that the Court had discretion to deny Defendants' objection to the argument to the extent that it was based upon a failure to disclose this ground for non-infringement. (ECF No. 223 at 4). Sudden

Valley claims that its non-infringement argument was based upon a reasonable interpretation of the '642 Patent and that it was not prejudicial because the '642 Patent is invalid for obviousness and anticipation. (ECF No. 223 at 4). In sum, Sudden Valley contends that the Court did not abuse its discretion in overruling Defendants' objection to Sudden Valley's argument on non-infringement. (ECF No. 4-5). Likewise, Sudden Valley states Defendants could not have been prejudiced by Sudden Valley's closing argument since the '842 Patent was held to be invalid for obviousness and anticipation. (ECF No. 223 at 5).

The Court agrees that NPZ's arguments regarding infringement are irrelevant, given the jury's verdict invalidity and obviousness. The jury found that Sudden Valley proved, by clear and convincing evidence, that a single prior art reference disclosed all of the elements described in each of the asserted claims of the '642 Patent. (ECF No. 192). Having found that Claims 1-4 of the '642 Patent were invalid by anticipation, "the non-infringement claim is mooted by the determination of invalidity" because no one can infringe an invalid patent claim." *Leggett & Platt, Inc.*, 2007 WL 2030134, at *1. Accordingly, the Court holds that NPZ is not entitled to JMOV or a new trial on this basis.

### 2. Invalidity

NPZ further argues that the asserted claims of the '642 Patent are not invalid as a matter of law. (ECF No. 213-1 at 10). First, NPZ claims that there was insufficient evidence of anticipation. Sudden Valley claimed that the claims of the '642 Patent were anticipated by : (1) an invention by Jack Hill; (2) an invention by Mr. Stephens, and (3) U.S. Patent 4,633,610 to Thompson. NPZ asserts that Jack Hill's invention was not corroborated but for a posting on Facebook from November 2010, which was 3 years after Mr. Ziegmann's invention. (ECF No. 213-1 at 12). Also, NPZ asserts that Hill's traps could not be dated based upon weathering because such traps

rust after one trapping season. NPZ further argued that Stephens' prior invention could not be corroborated. In fact, NPZ asserts that the date of Mr. Stephens' invention was contradicted by his two corroborating witnesses, Mr. Sutton and Dale Verts. Finally, NPZ maintains that the Thompson patent does not anticipate the '642 Patent because it does not disclose several of the elements required by claim 1 of the '642 Patent, including "a latch on the housing," "a restraint on the housing," "a trigger on the housing," or a latch "having a flat end and a notch adjacent the flat end." (ECF No. 213-1 at 13). In addition, NPZ asserts that the trigger mechanisms on the '642 Patent and the Thompson Patent are different. (ECF No. 213-1 at 14).

Sudden Valley responds by arguing that ample corroboration of prior art supported the jury verdict of invalidity for obviousness and anticipation. (ECF No. 223 at 5-8). Sudden Valley states that Mr. Stephens corroborated his testimony with physical exhibits: the modified Lil' Griz Trap and other physical exhibits which explained the how he modified the Lil' Griz Trap. (ECF No. 223 at 6). Likewise, David Sutton and Dale Verts both testified that Mr. Stephens was demonstrating and selling the modified Lil' Griz Trap, which included a two-way trigger, during a Trappers Tradeshow in Columbia, Missouri during June 2008. Sudden Valley states that was corroborated with an invoice/delivery ticket showing that ten dozen additional Lil' Griz Traps were delivered to Mr. Stephen during that tradeshow. (ECF No. 223 at 6-7). Similarly, Sudden Valley states that Jack Hill's modified Lil' Griz Trap from 2006 was admitted into evidence. (ECF No. 223 at 7). Sudden Valley also notes that Jack Hill and David Hastings testified that it would be obvious to any trapper with ordinary skill in the art to convert the single, pull-only trigger in the Lil' Griz Traps into a two-way trigger by adding the notch in the latch and twisting the top of the hook on the trigger ninety degrees. Finally, Sudden Valley states that Mr. Ziegmann's son and daughter, Marty Smith, and Mr. Stephens all testified that Mr. Stephens confronted the

Ziegmann family regarding Mr. Stephens' prior art. (ECF No. 223 at 7-8).

The Court holds that there was sufficient corroboration of anticipation to support the jury's verdict. As previously noted, Mr. Stephens provided his own testimony, his traps, the testimony of Mr. Verts and Mr. Hastings, and Mr. Hill's modified Lil' Griz Trap to support his invalidity claim. The Court holds that the traps provide circumstantial evidence to support Mr. Stephens' claim. *See Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1339 (Fed. Cir. 2005)("Physical, documentary, or circumstantial evidence, or reliable testimony from individuals other than the alleged inventor or an interested party, may corroborate."). The jury evaluated the credibility and the probative value of his supporting evidence at trial and concluded that the '642 Patent was invalid based upon anticipation. The Court finds that ultimately NPZ is asking the Court to overturn the credibility determination of the jury under the guise of a challenge to the sufficiency of the evidence. The Court will not second-guess the jury's determination when there is sufficient evidence to support a verdict. Therefore, the Court finds NPZ is not entitled JMOL or a new trial with respect to the invalidity claim.

### 3. Obviousness

NPZ also contends that the jury's verdict of obviousness is not supported by legally sufficient evidence. (ECF No. 213-1 at 14). NPZ argues that the Ziegmann's, Stephens' and Hill's claimed inventions do not support a finding of obviousness because they rely on oral testimony without adequate corroboration to qualify as legal prior art. (ECF No. 213-1 at 15). Similarly, NPZ asserts that the Thompson Patent does not provide a sufficient evidentiary basis to support a finding of obviousness, particularly since it was considered by the patent examiner when he decided whether to grant the '642 Patent. (ECF No. 213-1 at 15).

Sudden Valley contends that there was ample evidence before the jury to support its finding that the '642 Patent is invalid for obviousness. (ECF No. 223 at 8-9). Sudden Valley notes that the jury instruction on obviousness states that in determining whether a claimed invention is obvious, the jury may consider: "D. Whether others invented the invention at roughly the same time; if they did, this is an indicator this invention <u>was</u> Obvious[.]" (emphasis in original). Sudden Valley asserts that Mr. Ziegmann either copied Mr. Stephens' design or independently arrived at the identical design several years after Mr. Stephens created the modified Lil' Griz. Likewise, Sudden Valley contends that Jack Hill created his modified Lil' Griz Trap in 2006. Sudden Valley asserts that all three of these modifications to the Lil' Griz Trap occurred in roughly the same time period and, therefore, there was sufficient evidence to support the jury verdict on obviousness. (ECF No. 223 at 9).

A patent is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103(a). Obviousness is a question of law that is predicated upon several factual inquiries. *Richardson–Vicks Inc. v. Upjohn Co.,* 122 F.3d 1476, 1479 (Fed.Cir.1997). The underlying factual issues relevant to the issue of obviousness are: (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) any secondary considerations of non-obviousness such as commercial success or long-felt need. *KSR Int'l Co. v. Teleflex Inc.,* 550 U.S. 398, 406–07 (2007). A patent is likely to be obvious if it merely yields predictable results by combining familiar elements according to known methods. *Id.* at 416. Moreover, when determining obviousness, courts must consider "interrelated teachings of multiple patents; the

effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art." *Id.* at 418. In re-creating the facts as they may have been found by the jury, the Court views the record in the light most favorable to the verdict winner. *Richardson–Vicks Inc.*, 122 F.3d at 1479. "The Court accepts factual findings presumed from a jury verdict that are supported by substantial evidence." *Holmberg*, 2015 WL 5286750, at *8.

The Court concludes that there is substantial evidence to support the jury's verdict of obviousness with respect to the asserted claims of the '642 Patent. In particular, there is substantial evidence that the push/pull trigger of the '642 Patent was disclosed in prior art references. Those prior art references, combined with the testimony of Mr. Stephen and Mr. Hastings, explaining what the references teach to a person of ordinary skill in the art, provide substantial evidence to support the jury's finding of invalidity. In particular, a reasonable jury could have found that the push/pull trigger would be obvious at the time to a person having ordinary skill in the art, particularly given the prior art of Mr. Hill. The arguments posited by NPZ in support of its motion for JMOL and for a new trial are "either unsupported by the evidence or raise factual issues that the jury resolved" against NPZ. *Holmberg*, 2015 WL 5286750, at *10. Thus, the Court denies NPZ's motion for JMOL and for a new trial on validity of the '642 Patent.

### IV. Motion by Ziegmann and NPZ re DX PPP-1

United States Patent Application No. 12/881,241 is the first patent application filed by Mr. Stephens on his Coon Dagger trap. At trial, the Court initially only allowed page 1 of the United States Patent Application No. 12/881,241 in as evidence as DX PPP-1, but later admitted the entire document based upon testimony elicited from Mr. Stephens.

NPZ moves for the Court to enter an Order authorizing NPZ to file the complete copy of United States Patent Application No. 12/881,241 as DX PPP-1 and to amend the Clerk's List of Trial Exhibits to reflect that the complete copy of United States Patent Application No. 12/881,241 was admitted by the Court as DX PPP-1. (ECF No. 218).

In response, Sudden Valley argues that since the Court admitted PPP-1 into evidence at trial, over Sudden Valley's objection, it is not necessary to amend the Exhibit List. (ECF No. 221). Sudden Valley argues that NPZ's attempt to file all of Exhibit PPP-1 as part of its Response to the Motion for Attorney's Fees is a mere afterthought. Finally, Sudden Valley contends that PPP-1 has very limited value in this case.

There is no dispute that the Court admitted the full copy of the United States Patent Application No. 12/881,241 as DX PPP-1. The Court, therefore, grants NPZ's motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Verified Motion of Sudden Valley Supply, LLC for Attorneys' Fees Against Neil P. Ziegmann and N.P.Z., Inc. (ECF No. 200) is **DENIED**.

**IT IS FURTHER ORDERED** that Sudden Valley Supply, LLC's Motion for Judgment as a Matter of Law that Claims 1-19 of the '642 Patent are Invalid (ECF No. 202) is **DENIED**.

**IT IS FURTHER ORDERED** that N.P.Z., Inc. and Neil P. Ziegmann's Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law (ECF No. 213) is **DENIED**.

**IT IS FINALLY ORDERED** that the Motion by Ziegmann and NPZ re DX PPP-1 (ECF No. 218) is **GRANTED**. NPZ shall file the complete copy of United States Patent Application No. 12/881,241 as DX PPP-1 and the Clerk shall amend the Clerk's List of Trial Exhibits to reflect that the complete copy of United States Patent Application No. 12/881,241 was admitted by the Court as DX PPP-1.

Dated this 13th day of June, 2016.

                                            */s/ Ronnie L. White*
                                            RONNIE L. WHITE
                                            UNITED STATES DISTRICT JUDGE